NOT FOR PUBLICATION
File Name: 05a0116n.06
Filed: February 15, 2005

No. 03-2526

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

ESTATE OF JOHN MORAN
by Vicki Moran, Personal Representative,

        Plaintiff-Appellant,

v.

W.P. CAREY AND COMPANY, LLC, a New York
Corporation, as successor in interest to CORPORATE
PROPERTY ASSOCIATES 8, L.P., a Delaware
Limited partnership, and CORPORATE PROPERTY
ASSOCIATES 9, L.P., a Delaware Limited Partnership,

        Defendants-Appellees.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE: SUHRHEINRICH, ROGERS, and COOK, Circuit Judges.

**PER CURIAM.** Plaintiff-Appellant Estate of John Moran, ("Plaintiff") appeals the district court's grant of summary judgment to W.P. Carey & Co., L.L.C. ("Defendant"), on Plaintiff's nuisance-in-fact action against Defendant. Plaintiff also appeals the district court's subsequent denial of plaintiff's motion to reinstate its negligence claim. After having examined the record and heard oral arguments, we **AFFIRM** the judgment of the district court.

In 1990, Defendant's predecessors in interest, Corporate Property Associates, purchased the Detroit Diesel Building from Detroit Diesel, and the same day, leased the building back to Detroit Diesel. On August 1, 2000, Moran, a pipe-fitter for Detroit Diesel, was performing repairs on the roof of the building when he fell to his death through an open hatchway on the roof. Detroit Deisel was aware of the hatchway at the beginning of the lease, although the hatchway was covered at that time. On November 13, 2001, Plaintiff filed suit against Defendant alleging nuisance-in-fact and negligence. Plaintiff later agreed to dismiss the negligence claim. On September 17, 2003, the district court entered summary judgment in favor of Defendant

on the nuisance-in-fact claim and denied Plaintiff's motion to reinstate its negligence claim. Plaintiff appealed.

Since this is a diversity action, the law of Michigan applies. Under Michigan law, "[a] public nuisance involves the unreasonable interference with a right common to all members of the general public." *Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 302 (1992) (citing *Garfield Twp. v. Young*, 82 N.W.2d 876 (1957)). Here, Plaintiff failed to show that the improperly maintained hatchway was held open to the public. The Detroit Diesel Building was neither leased for a public purpose nor open to the general public. Plaintiff also cannot prevail under *Samuelson v. Cleveland Iron Mining Company*, 49 Mich. 164, 13 N.W. 499 (1882), because *Samuelson* does not support Plaintiff's proposition that the Detroit Diesel Building is a semi-public facility. Therefore, the district court correctly concluded that Defendant was not liable to Plaintiff under a nuisance-in-fact theory.

The district court also correctly concluded that reinstatement of the Plaintiff's negligence claim would be futile. Under Michigan law, "a landlord who gives up control, possession and use of the land does not have a duty to maintain the premises in a reasonably safe condition and is not liable to persons injured on the premises." *McCurtis v. Detroit Hilton*, 242 N.W.2d 541, 543 Mich. App. (1976) (citations omitted). Therefore, the court did not err in denying Plaintiff's motion for reinstatement.

For the foregoing reasons, as well as for the reasons stated in the district court's memorandum and order dated September 17, 2003, we **AFFIRM** the district court's grant of summary judgment to Defendant on the nuisance-in-fact claim. We also **AFFIRM** the district court's judgment denying Plaintiff's motion to reinstate its negligence claim.